UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-296-FDW
(3:06-cr-151-FDW-DCK-3)

| | |
|---|---|
| MICHAEL ATTILIO MANGARELLA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | ORDER |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* "Motion for Relief from Judgment or Order Due to Void Judgment Pursuant to this Court Lacking Subject Matter Jurisdiction and a Flagrant Fraud Committed Upon this Court," (Doc. No. 1), that was docketed as a Motion to Vacate pursuant to 28 U.S.C. § 2255. Several Motions are also pending in the criminal case. (3:06-cr-151 ("CR"), Doc. Nos. 717, 726, 727, 730).

**I.  BACKGROUND**

Petitioner was convicted by a jury of conspiracy to defraud the United States and multiple counts of wire fraud after he was extradited from Costa Rica where he and others operated a fraudulent sweepstakes scheme aimed at U.S. citizens. See (CR Doc. Nos. 113, 341). Petitioner was sentenced to a total of 600 months' imprisonment. (CR Doc. No. 471). While the Petitioner's direct appeal was pending, the Fourth Circuit granted an unopposed motion to remanded for resentenced because the *de facto* life sentence did not accord with the assurances given to Costa Rica at the time of Petitioner's extradition. (CR Doc. No. 523); see United States v. Pileggi, 361 F. App'x 475 (4th Cir. 2010) (vacating the *de facto* life sentence of Petitioner's co-defendant). On May 26, 2011, the Court issued an Amended Judgment reducing the total term

of imprisonment to 360 months. (CR Doc. No. 573). The Fourth Circuit affirmed Petitioner's convictions and sentence. United States v. Mangarella, 489 F. App'x 648 (4th Cir. 2012).

Petitioner filed his first § 2255 Motion to Vacate in 2013, case number 3:13-cv-555. The Court dismissed the § 2255 Motion to Vacate with prejudice on the merits. Mangarella v. United States, 2014 WL 1608483 (W.D.N.C. April 22, 2014). The Fourth Circuit dismissed Petitioner's appeal as untimely filed, United States v. Mangarella, 589 F. App'x 89 (4th Cir. 2014), and the United States Supreme Court denied certiorari, Mangarella v. United States, 577 U.S. 1088 (2016), *reh'g den.* 577 U.S. 1241. In 2018, Petitioner filed a "Motion for Relief from Final Judgment Under Fed. R. Civ. P. Rule 60(b)(6)" that was dismissed as an unauthorized successive § 2255 Motion to Vacate. Mangarella v. United States, 2018 WL 576315 (W.D.N.C. Jan. 26, 2018). The Fourth Circuit denied a certificate of appealability and dismissed Petitioner's appeal. United States v. Mangarella, 720 F. App'x 168 (4th Cir. 2018).

Meanwhile, in 2015, Petitioner filed a "Motion for Reduction/Modification of Supervised Release Terms & Sentence for Good Cause," that was docketed as a § 2255 Motion to Vacate, case number 3:16-cv-334. The Court dismissed the Motion without prejudice as an unauthorized successive § 2255 Motion to Vacate. Mangarella v. United States, 2016 WL 11268745 (W.D.N.C. June 15, 2016). Shortly after the dismissal of that Motion to Vacate, Petitioner filed a Motion in the Fourth Circuit for authorization to file a successive § 2255 petition based on Johnson v. United States, 576 U.S. 591 (2015), case number 16-9953. The Fourth Circuit denied the application because Johnson does not apply to Petitioner's case and he failed to identify any newly discovered evidence or new rule of law that might entitle him to relief.

In 2019, Petitioner filed a *pro se* Motion for Compassionate Release based on medical and non-medical circumstances for elderly inmates. (CR Doc. No. 679). Relief was denied.

2

United States v. Mangarella, 2020 WL 1291835 (W.D.N.C. March 16, 2020). Petitioner then filed a Motion for Reconsideration and Emergency Motion for Compassionate Release based on COVID-19. (CR Doc. No. 687). This was denied by text-only Order on April 9, 2020. Counsel then appeared on for Petitioner and filed an Emergency Motion for Reconsideration based on COVID-19. (CR Doc. No. 693). Counsel's Motion was denied on December 8, 2020. (CR Doc. No. 716). Petitioner's appeal of the denial of his Motion for Compassionate Release is presently pending before the Fourth Circuit, case number 20-7912. Motions to redact or seal the December 8, 2020 Order remain pending in the criminal case. (CR Doc. Nos. 717, 726, 272).

On June 1, 2021, Petitioner filed a "Motion for Relief from Judgment…." (Doc. No. 1). He argues that the Amened Judgment is void because a fraud on the Court, *i.e.*, the indictment was falsified and was not issued by a grand jury, which deprived the Court of subject-matter jurisdiction. He seeks immediate release. The Motion was docketed as a § 2255 Motion to Vacate in the instant civil case.

That same day, Petitioner filed an "Emergency Motion for Bond Pending Motion for Void Judgment Indictment Due to Lack of Subject Matter Jurisdiction, 'Fraud Upon the Court'" in the criminal case. (CR Doc. No. 730). He contends that he should be immediately released on a signature bond pursuant to 28 U.S.C. § 1291[1] and 18 U.S.C. § 3143[2] because: he was never indicted by a grand jury in violation of his constitutional rights; a fraud was perpetrated on the Court when a fake indictment was filed; he is actually innocent of the offenses of conviction; and COVID-19 is threatening his life due to his other health complaints and the conditions in the

---

[1] Section 1291 provides that the federal courts of appeals may review final decisions of federal district courts.

[2] Section 3143 addresses the circumstances under which a person who has been found guilty and is awaiting sentencing, or who has been sentenced and has filed an appeal or petition for writ of certiorari, may be released on his own recognizance.

3

federal Bureau of Prisons, which is an extraordinary circumstance.

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings ..." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the Petitioner's motion can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Successive § 2255 Motion to Vacate

Although the Petitioner has labeled the present pleading as a "Motion for Relief from Judgment…," it directly challenges the conviction and sentence and it will therefore be recharacterized as a § 2255 Motion to Vacate.[3] United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) (as a general matter "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider."), *abrogated in part on other grounds by* United States v. McRae, 793 F.3d 392

---

[3] No warnings pursuant to United States v. Castro, 540 U.S. 375 (2003) are required before the Motion is recharacterized as a § 2255 Motion to Vacate because this is not Petitioner's initial § 2255.

(2015); see also Gonzalez v. Crosby, 545 U.S. 524, 531-33 (2005) (concluding that a Rule 60(b) motion for relief from judgment that directly challenges the underlying conviction constitutes a successive § 2254 petition).

When an initial motion pursuant to § 2255 has been adjudicated on the merits, a second or successive motion under the statute must be certified by the court of appeals before it may be filed with this Court. 28 U.S.C. § 2255(h). To certify a second or successive § 2255 motion for filing with this Court, the court of appeals must find that the motion contains either: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Without such pre-filing authorization, the district court lacks jurisdiction to consider a successive application. See Winestock, 340 F.3d at 205. A second-in-time § 2255 motion will not, however, be successive when "the facts relied on by the movant seeking resentencing did not exist when numerically first motion was filed and adjudicated." United States v. Hairston, 754 F.3d 258, 262 (4th Cir. 2014).

The Petitioner does not allege that he has received authorization from the Fourth Circuit Court of Appeals to file this Motion or that his claims were not previously ripe.[4] Instead, he seeks to again challenge the validity of his long-final conviction and sentence. Petitioner's § 2255 claims fall squarely within § 2255(h)(2) and Petitioner must receive authorization from the Fourth Circuit before presenting them to this Court. Accordingly, the Petitioner's motion is an unauthorized successive § 2255 Motion to Vacate and it will be dismissed for lack of

---

[4] A search of PACER reflects that no such authorization has been requested or granted.

jurisdiction.

   B. **Pending Criminal Motions**

Several Motions are presently pending in the criminal case. First, in an Unopposed Motion for Redacted Order on Defendant's Emergency Motion for Reconsideration to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release) filed by counsel,[5] (CR Doc. No. 717), and several *pro se* Motions, (CR Doc. Nos. 726-27), Petitioner asks the Court to seal or redact the December 8, 2020 Order denying reconsideration of the Motion for Compassionate Release. He argues that the December 8 Order contains sensitive details about Petitioner's criminal history that present a substantial threat to Petitioner's safety.[6]

This Court's Local Rules provide for a "presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed." LCvR 6.1(a); see Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988); In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D), 707 F.3d 283 (4th Cir. 2013). However, a court has authority to seal documents before it based on the court's inherent supervisory authority over its own files and records. See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978). The denial of access to documents under the First Amendment must be necessitated by a compelling government interest that is narrowly tailored to serve that interest. See In re Washington Post Co., 807 F.2d 383, 390 (4th Cir. 1986); In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D), 707 F.3d at 293 (the common law right of access to judicial records is committed to the sound discretion of the judicial officer who issued it). Courts have noted safety concerns as overriding interests that outweigh the presumption of public access to judicial records. See

---

[5] Counsel was subsequently permitted to withdraw from the representation. See (CR Doc. Nos. 722-23).

[6] Petitioner also asks the Court to instruct LexisNexis to comply with its Order sealing sensitive information, (CR Doc. No. 727), but he has failed to cite any document available on LexisNexis that allegedly violates a court Order.

Presley v. Georgia, 558 U.S. 209 (2010). Before sealing judicial records, a court must identify the interest that overrides the public's right to an open court, and articulate supporting findings specific enough that a reviewing court can determine whether the order was properly entered. See Press-Enterprise Co. v. Superior Ct. of Ca., 464 U.S. 501 (1984); LCvR 6.1. When addressing motions to seal, the court must consider alternatives to sealing and specify whether the sealing is temporary or permanent and also may redact orders in its discretion. LCvR 6.1.

The Court finds that Petitioner's interest in his personal safety is compelling and overrides the public's interest in accessing the full December 8, 2020 Order, (CR Doc. No. 716). However, sealing the Order in its entirety is not the narrowest remedy that will adequately address Petitioner's concerns. Redacting the Order in question will serve the important interest of protecting Petitioner's safety while retaining the public's interest in an open court. Therefore, counsel's Unopposed Motion to redact will be granted and Petitioner's *pro se* Motions to seal will be denied. The Clerk of Court will be instructed to redact the December 8, 2020 Order in accordance with the proposed order submitted by counsel, (CR Doc. No. 718-1), so that the sensitive information is not accessible to the public.

Second, Petitioner has filed an "Emergency Motion for Bond Pending Motion for Void Judgment Indictment Due to Lack of Subject Matter Jurisdiction, 'Fraud Upon the Court.'" (CR Doc. No. 730). To the extent that Petitioner seeks to challenge the validity of his conviction and sentence, it is an unauthorized successive request for § 2255 relief over which the Court lacks jurisdiction. See Section A, *supra*. To the extent that Petitioner yet again presents arguments in support of compassionate release, these requests have already been considered, rejected on reconsideration, and are presently before the Fourth Circuit on appeal. Petitioner has presented no grounds warranting yet another reconsideration of his compassionate relief arguments by this

Court. The "Emergency Motion for Bond…" will therefore be dismissed and denied.

## IV. CONCLUSION

For the foregoing reasons, Motion to Vacate, Set Aside, or Correct Sentence Under to 28 U.S.C. § 2255 is dismissed for lack of jurisdiction. Petitioner's Motion to redact the Court's December 8, 2020 Order is granted and the remaining Motions are denied.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's "Motion for Relief from Judgment or Order Due to Void Judgment Pursuant to this Court Lacking Subject Matter Jurisdiction and a Flagrant Fraud Committed Upon this Court," (Doc. No. 1), is recharacterized as a § 2255 Motion to Vacate and is **DISMISSED** for lack of jurisdiction.

2. Petitioner's Unopposed Motion for Redacted Order on Defendant's Emergency Motion for Reconsideration to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release), (CR Doc. No. 717), is **GRANTED**.

3. Petitioner's *pro se* Motions to Seal, (CR Doc. No. 726, 727), are **DENIED**.

4. Petitioner's *pro se* "Emergency Motion for Bond Pending Motion for Void Judgment Indictment Due to Lack of Subject Matter Jurisdiction, 'Fraud Upon the Court.'" (CR Doc. No. 730), is **DISMISSED** and **DENIED**.

5. The Clerk of Court is instructed to **REDACT** the publicly-available version of the December 8, 2020 Order (CR Doc. No. 716), in accordance with the proposed order filed by counsel, (CR Doc. 718-1).

6. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell,

537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

7. The Clerk is instructed to close this case.

Frank D. Whitney
United States District Judge

Signed: June 22, 2021